Citation Nr: 1045623 
Decision Date: 12/06/10 Archive Date: 12/14/10

DOCKET NO. 07-35 750 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, 
California


THE ISSUE

Entitlement to service connection for a psychiatric disability, 
to include posttraumatic stress disorder (PTSD) and anxiety 
disorder.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

D. Havelka, Counsel


INTRODUCTION

The Veteran had active duty from September 1968 to April 1971.

This matter comes before the Board of Veterans' Appeals (Board) 
on appeal from a July 2005 rating decision by the Department of 
Veterans Affairs (VA) Regional Office (RO) in San Diego, 
California, which in part, denied service connection for PTSD. 

Claims for service connection for PTSD, may encompass claims for 
service connection for all diagnosed psychiatric disabilities. 
Clemons v. Shinseki, 23 Vet.App. 1, 5 (2009). As there diagnoses 
of other psychiatric disorders of record, the Board has 
recharacterized the issue on appeal to more accurately reflect 
the Veteran's claim for service connection. 

In November 2010, the veteran testified at a hearing at the RO 
before the undersigned Veterans Law Judge sitting in Washington, 
DC. A transcript of his testimony is associated with the claims 
file.

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the appellant if 
further action is required.


REMAND

The Veteran claims entitlement to service connection for a 
psychiatric disability. He claims he has PTSD as a result of 
stressors he experienced during active duty while serving in 
Vietnam. Some VA mental health treatment records have been 
obtained. In August 2006, evaluation was conducted for intake 
into VA mental health treatment. This evaluation indicates a 
diagnosis of anxiety disorder and to "[rule out] r/o PTSD." 
Subsequent VA treatment records show that the Veteran 
participated in individual and group therapy sessions for 
"symptoms of PTSD." However, the records do not indicate an 
actual confirmed diagnosis of PTSD nor do they indicate any 
specific stressors except for vague references to the Veteran's 
"combat service" in Vietnam. 

At the November 2010 hearing the Veteran testified that he 
receives continuing psychiatric treatment from the VA Medical 
Center (VAMC) in Loma Linda, California, and from the Corona 
California Vet Center. Complete copies of these records need to 
be obtained for the record. Records generated by VA are 
constructively included within the record. If records of VA 
treatment are material to the issue on appeal and are not 
included within the claims folder, a remand is necessary to 
acquire such VA records. Bell v. Derwinski, 2 Vet. App. 611, 613 
(1992).

Again, the Veteran claims he has PTSD as a result of stressors he 
experienced during active duty while serving in Vietnam. His 
alleged stressors are vague at best. He testified that he served 
"combat tours" in Vietnam, and that he was an intelligence 
specialist involved in "black operations." He also testified 
that he served as a "sniper for our team in Saigon to terminate 
agents that had become rogue." 

The evidence establishes that the Veteran served in the Army, and 
the he served in Vietnam with the 575th Military Intelligence 
Detachment from May 1970 to April 1971. His Discharge papers, DD 
214, indicated that his military occupational specialty (MOS) was 
97D20, military intelligence coordinator. The related civilian 
occupation is indicated to be an "investigator." He was 
awarded the National Defense Service Medal, Vietnam Service 
Medal, and the Vietnam Campaign Medal. There is no indication 
that he was awarded any individual awards, or any awards 
indicative of combat service. Other service personnel records 
reveal that the Veteran was qualified as a sharpshooter on the M 
14 rifle, and held a top secret security clearance. His only 
significant military training, besides basic training, was an 
eight week military intelligence coordinator course. 

In short, the Veteran claims combat service during "black" 
intelligence operations in Vietnam. His MOS was as a military 
intelligence coordinator, 97D20. However, the Board has trouble 
ascertaining the exact duties of a service member assigned to 
such an MOS. Despite his assertions of involvement in special 
intelligence operations, including being a sniper, the available 
service personnel records do not show the Veteran had training, 
qualifications, or a special skill set such as Vietnamese 
language skill, which would have qualified him for such duty. 

The regulations related to claims for PTSD were recently amended. 
They now state 

If a stressor claimed by a veteran is related to the 
veteran's fear of hostile military or terrorist 
activity and a VA psychiatrist or psychologist, or a 
psychiatrist or psychologist with whom VA has 
contracted, confirms that the claimed stressor is 
adequate to support a diagnosis of posttraumatic 
stress disorder and that the veteran's symptoms are 
related to the claimed stressor, in the absence of 
clear and convincing evidence to the contrary, and 
provided the claimed stressor is consistent with the 
places, types, and circumstances of the veteran's 
service, the veteran's lay testimony alone may 
establish the occurrence of the claimed in-service 
stressor. For purposes of this paragraph, "fear of 
hostile military or terrorist activity" means that a 
veteran experienced, witnessed, or was confronted 
with an event or circumstance that involved actual or 
threatened death or serious injury, or a threat to 
the physical integrity of the veteran or others, such 
as from an actual or potential improvised explosive 
device; vehicle-imbedded explosive device; incoming 
artillery, rocket, or mortar fire; grenade; small 
arms fire, including suspected sniper fire; or attack 
upon friendly military aircraft, and the veteran's 
response to the event or circumstance involved a 
psychological or psycho-physiological state of fear, 
helplessness, or horror. 
38 C.F.R. § 3.304(f)(3) (2010)(emphasis added). 

Alleging that the details are classified, the Veteran really has 
not set forth anything but vague allegations of claimed in-
service stressors. The evidence of record is insufficient to 
ascertain if the alleged stressors, are consistent with the 
places, types, and circumstances of the veteran's service 
pursuant to the requirements of 38 C.F.R. § 3.304(f)(3). 
Accordingly additional development with respect to the Veteran's 
military duties is necessary. 

Finally, no psychiatric Compensation and Pension examination of 
the Veteran has been conducted. This should be done. When the 
medical evidence is inadequate, VA must supplement the record by 
seeking an advisory opinion or ordering another medical 
examination. Hatlestad v. Derwinski, 3 Vet. App. 213 (1992). 

Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to provide a list 
containing the names of all health care 
professionals and/or facilities (private 
and governmental) where he had been treated 
for his claimed psychiatric disabilities. 
Subsequently, and after securing the proper 
authorizations where necessary, obtain all 
the records of treatment from all the 
sources listed by the veteran, which are 
not already on file. Specifically, request 
complete copies of all of the Veteran's VA 
mental health treatment records from VAMC 
Loma Linda, California; and from the 
Corona, California Vet Center.

2. Request from the Veteran a statement 
containing as much detail as possible 
regarding the stressors to which he was 
exposed during service. The veteran should 
be asked to provide specific details about 
the incident in which he claims a friend of 
his was killed in action including the date, 
place, unit involved, a detailed descriptions 
of the event, duty assignments and the names 
and other identifying information concerning 
any individuals involved in the event. 

3. After completion of the above, review 
the file, including the Veteran's recent 
statements and November 2010 hearing 
testimony, and prepare a summary of all the 
claimed stressors, to include his 
assertions concerning being involved in 
combat intelligence operations and 
witnessing the death of a fellow soldier. 
This verification may include forwarding 
the summary of stressors and all associated 
documents to the U. S. Army and Joint 
Services Records Research Center (JSRRC). 
Specifically, request the unit histories 
for the 575th MI Det USARPAC VN for the 
period from November 1970 to January 1971. 
Also request a narrative description of 
duties involved with the Veteran's MOS, 
97D20.

4. Make findings as to whether the 
Veteran served in combat or whether any of 
the Veteran's claimed stressors are 
consistent with the places, types, and 
circumstances of the his service. 

5. Schedule the Veteran for the appropriate 
VA examination for psychiatric disorders. 
The report of examination should include a 
detailed account of all manifestations of 
psychiatric disorders found to be present. 
The examiner is to review the evidence of 
record with attention to the service 
treatment records, service personnel records, 
and recent VA treatment records. All 
necessary tests should be conducted and the 
examiner should review the results of any 
testing prior to completion of the report. 
The examiner is to review the evidence of 
record and indicate the diagnoses of any 
current psychiatric disorders present and 
express an opinion as to the etiology of any 
disorders diagnosed. Specifically the 
examiner should indicate:

* Whether the Veteran meets the criteria 
for a diagnosis of PTSD.

* Whether the Veteran meets the criteria 
for a diagnosis of any other 
psychiatric disability.

* Whether it is at least as likely as not 
(50 percent or greater probability) 
that any currently diagnosed 
psychiatric disability, to include PTSD 
and/or anxiety disorder, is related to 
active service, or the experiences the 
Veteran in Vietnam. 

The report of examination must include a 
complete rationale for all opinions expressed 
and must specifically discuss any evidence of 
record inconsistent with the conclusions 
reached. The diagnosis should be in 
accordance with the DIAGNOSTIC AND STATISTICAL 
MANUAL FOR MENTAL DISORDERS (4TH ed. 1994). The 
entire claims folder and a copy of this 
remand must be made available to and reviewed 
by the examiner in conjunction with the 
examination.

6. Review the claims folder and ensure 
that all of the foregoing development has 
been completed in full. If any development 
is incomplete, appropriate corrective 
action is to be implemented. If the 
medical examination report does not include 
adequate responses to the opinions 
requested, they must be returned for 
corrective action. 38 C.F.R. § 4.2; 
Ardison v. Brown, 6 Vet. App. 405, 407 
(1994).

7. Following the above, readjudicate the 
Veteran's claim for service connection for 
a psychiatric disability, to include 
posttraumatic stress disorder (PTSD) and 
anxiety disorder. If the benefit sought 
on appeal remains denied, a Supplemental 
Statement of the Case should be issued, 
and the Veteran and his representative 
should be afforded an opportunity to 
respond. Then, the case should be 
returned to the Board for appellate 
review.


The appellant has the right to submit additional evidence and 
argument on the matter the Board has remanded. Kutscherousky v. 
West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals for 
Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West Supp. 2009).





_________________________________________________
RONALD W. SCHOLZ 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a decision 
of the Board on the merits of your appeal. 38 C.F.R. 
§ 20.1100(b) (2010).